WILLIAM P. SCOTT, CHIEF JUSTICE OF BRAZORIA COUNTY, vs. WILLIAM B. DEWEES — Appeal from Colorado County.

There is nothing in the 6th section of the act of 1836, "establishing the jurisdiction and powers of the district courts," which prevents a suit from being brought and maintained against a surety in the first instance, the principal having previously died. Nor is it necessary, before bringing such suit, that any proceeding should have been instituted against the succession of the principal. [4 Tex. 325; 5 Tex. 130; 6 Tex. 85; 22 Tex. 189.]

The jurisdiction spoken of and contemplated, in the section above mentioned, has reference to the *person* of the principal, and a party can only be said to be within the jurisdiction of the court when his person is subject to its process.

The record in this case shows that Field Secrest, together with the appellee, bound themselves in a penal obligation of two thousand dollars, for the payment on the 3d day of September, 1840, of one thousand dollars unto the appellant as chief justice, etc., or his successors in office, and that said Secrest died before the said obligation became due and payable. The appellee having been sued thereon, excepted to the petition and prayed that the same might be dismissed, on the ground that he was only the security in the obligation, and it had not been shown that the principal therein had been previously or simultaneously sued. The exception being sustained by the court, this appeal was taken.

*Gillespie* and *Webb*, for appellant.

*Harris* and *Lewis*, for appellee.

No briefs furnished the reporters.

[154] Mr. Justice WHEELER delivered the opinion of the court, Chief Justice HEMPHILL not sitting.

The record in this case presents but a single inquiry.

It seems that the appellee, and defendant below, was surety for one Secrest. Secrest, the principal, having died, suit was brought against the surety. These facts appearing in the petition, exception was taken and sustained, and the question now presented is, can the suit thus brought against the surety in the first instance be maintained?

The 6th section of the act of 1836, "establishing the juris-

diction and powers of the district courts," provides that "no person shall be sued as indorser or security unless suit has been first or simultaneously commenced against the principal; provided, the principal is within the jurisdiction of the courts of the republic." 1 Stat. 201.

The converse of the proposition embraced in this section will be conceded; that is, that any person liable as indorser or surety may be sued as such without suit first or simultaneously brought against the principal, when the principal is not "within the jurisdiction," etc.

What, then, is the jurisdiction contemplated, and to what has it reference?

We think to the *person* of the principal, and that a party can only be said to be within the jurisdiction of the court when his person is subject to its process. It is by its process that a court enforces its jurisdiction over parties; but when a party is beyond the reach of its process, that party is not within its jurisdiction. In this sense it is obvious that a deceased party is not within the jurisdiction of the court.

Here we might rest the inquiry. But it has been insisted that some proceeding should be instituted against the succession of the principal, or that some act should be done before suing the surety which will amount to such an equitable compliance with the statute as to take the case out of its prohibition. But what shall be that act or proceeding? [155] When the law is silent, where is our authority to supply the rule? If we have authority to declare that proceedings shall be instituted against the succession, we have equal authority to declare that the effects of the deceased principal shall be exhausted before suit can be maintained against the surety. But the statute gives us no authority to declare either, and its assumption would involve the exercise of judicial legislation. The statutory rule is, that the surety may be first sued only when the principal is not within the jurisdiction of the court. To say that any other event than this shall authorize suit to be first brought against the surety would be to enlarge the proviso of the statute, and to add other exceptions than the one therein contained to the rule that the surety shall

not be first sued. This would be to transcend our province, which is, not to make the rule but to expound it; not to introduce new rules, but to ascertain existing rules and make their application in the given case.

A party who is beyond the limits of the state is not, while living, within the jurisdiction of its courts, and his surety may be first sued. But should the principal die abroad, his decease, according to the construction contended for, would bring him within the jurisdiction of the court in legal contemplation, so that the surety could not then be sued. This is a construction which seems to us inadmissible.

We are of opinion that the deceased principal was not within the jurisdiction of the court, and that the action was well brought against the surety; that there was error, therefore, in the judgment sustaining exceptions to the petition; and that the judgment be reversed and the cause remanded for further proceedings.